# CHARLESTON.

44 707
52 361

HOSTLER *v.* MARLOWE *et al.*

Submitted February 12, 1898—Decided April 9, 1898.

1.  FERRY—*Exclusive Franchise—Competing Ferry.*
    A ferry established since chapter 44 of the Code was amended by the act of the legislature passed March 25, 1882, does not carry the exclusive privilege of transporting persons and things across the river within a half mile of the same.   (p. 709).

2.  FERRY—*County Court—Competing Ferry—Liability of Proprietor.*
    Under such act, the county court has the authority to establish a ferry within a half mile of another ferry over any of the streams of this State, and without in any manner infringing upon the franchises of such existing ferry, or rendering the proprietor of the new ferry liable for damages on account thereof. (p. 709).

3.  FERRY—*Injunction —County Court.*
    Where a person is enjoined from operating an illegal ferry at a certain point on a river, and the county court afterwards establishes a ferry at such point, and licenses such person to maintain and operate it, such injunction is properly dissolved. (p. 710).

Appeal from Circuit Court, Jefferson County.

Bill by John H. Hostler, Jr., against George W. Marlowe and others.   From a decree for defendants, plaintiff appeals.

*Affirmed.*

DANIEL B. LUCAS, for appellant.

FORREST W. BROWN, for appellees.

DENT, JUDGE:

John H. Hostler, Jr., filed his bill in chancery in the circuit court of Jefferson county against George W. Marlowe and others, defendants, seeking to enjoin them from operating an illegal ferry across the Shenandoah river, in competition with a licensed ferry owned by the plaintiff, said ferries being within less than one-half mile of each other. The defendants filed their answer, by which they set up, among other things, that since the preliminary injunction awarded, the county court of Jefferson county had established a ferry at the disputed point, and granted defendant George W. McDaniel license to maintain the same, and thereupon moved a dissolution of the injunction, and on the 20th day of July, 1897, an order was entered dissolving the same. From this order the plaintiff appeals, and relies upon the following several causes of error, to wit: "First. The bill complained of the illegitimate and illegal operation of a ferry the seat of which is described as on the land of the heirs of one C. S. Maltby, and the landing was on the land of said G. W. Marlowe. The injunction applied solely to that illegitimate operation of a ferry, and ought not, therefore, to have been dissolved so long as the allegations of the bill were not denied by the defendants, and, moreover, were abundantly established by the evidence. The dissolution of the injunction enabled the defendants to resume their illegal proceedings, to the injury and damage of the complainant. Second. The granting of a franchise for a new ferry with its seat upon the west side of the river, and its landing on the east side, upon the lands of C. S. Maltby's heirs, could not authorize the licensee to damage and destroy the franchise and property of the petitioner, as was practically decided by this Court in the case of *Mason* v. *Bridge Co.*, 17 W. Va. 396. The evidence is that the operation of the upper or illegitimate ferry nearly destroyed the value of the legitimate or Hostler ferry, insomuch that if the proprietor complied with the regulations prescribed for him by the county court the operation of his ferry would not pay expenses or the hire of a boatman. The granting of a new license to a different individual could in no wise authorize

the court to dissolve the injunction against the former trespassers or wrongdoers, nor could the court authorize the new licensee to destroy the franchise of the property of your petitioner. Third. The license to operate a ferry, and the franchise so granted by charter, do, in their nature, constitute a monopoly and a property, which the county could not take away without making compensation to the owner."

To sustain his contention in this case, the plaintiff relies on the decision of this Court made in the year 1880, in the case of *Mason* v. *Bridge Co.*, 17 W. Va. 396. In the year 1889 the plaintiff was authorized by the county court to establish and maintain a licensed ferry across the Shenandoah river at a point where there had formerly been a ferry, but which had been abandoned for nonuse. At the time of the decision in the foregoing case, the law in force extended the franchise of a ferry one-half mile on either side thereof, except along the Ohio river, and bestowed on the owner a monopoly to this extent. But March 25, 1882, by re-enactment, the legislature repealed the half-mile limit clause, so as to make the same law apply to all the rivers in the State, and left it entirely in the power of the county court to establish such ferries at such points as the necessities of the public should demand. This was the law in force at the time plaintiff's ferry was established, so that his franchise was limited to the place of his ferry, and the county court was clothed with full power to establish as many ferries and at such points as the necessities of the public demanded, without regard to the location of other ferries across the same stream, so long as they were not occupying the same landings. The decision aforesaid recognizes the right of the legislature to so change the law. The plaintiff, therefore, could not and did not obtain the exclusive privilege of transferring persons and things across the Shenandoah river within half a mile of his ferry, and the county court had the legal authority to establish another ferry within less than half a mile of plaintiff's, and in doing so it did not take or damage plaintiff's franchise, within the meaning of the Constitution, so as to make either the owner of the new ferry or the public liable for such damages. This principle is fully

recognized and settled in the decision referred to, and it is unnecessary to repeat the same here.

The injunction is that the defendants, each and all o them, their lessees and agents, be enjoined and restrained from operating a public ferry at the place designated as Manning's ferry. After the county court legally established a ferry at the disputed point at the instance of one of the defendants, it could not be operated with this injunction hanging over it, and them, and as the new franchise did not take away or interfere with any of the vested rights of the plaintiff, the circuit court committed no error in dissolving it. Being now a legal ferry, it could not be illegal to maintain it, although by competition it might destroy plaintiff's franchise. This is probably the fault of location, and not the illegal doings of the defendants. His exclusive rights are in no manner interfered with or taken away. The dissolution of the injunction does not affect the question of the illegal maintenance of the Manning ferry by the defendants or any of them prior to the time the same was legally established. For these reasons the decree complained of is affirmed.

*Affirmed.*